LOXLEY WILLEY v. CLEMENT LINES and JOHN R. SUDLER, who have survived JOHN WILLEY, deceased.

A note under seal executed by one of the firm in the name of the firm, and in the presence and with the assent of the other member, will bind the firm. And if one not a member of it, also signs and seals it without any qualification, he will likewise be bound as a principal in it, and not as a guarantor of it, although he is not named in the body of it.

THIS was an action of debt on a note under seal for one hundred dollars with interest, against Clement Lines and John R. Sudler who had survived John Willey, by Loxley Willey, the plaintiff. It was in the usual form of a note with a warrant annexed authorizing the entry of judgment upon it by a justice of the peace, but read as follows: "We Lines & Willey promise and oblige myself, our heirs, executors and administrators, to pay to Loxley Willey, his executors, administrators, or assigns, the sum of one hundred dollars," &c. And then followed the warrant to any justice of the peace to enter judgment thereon "against us, our heirs, executors and administrators," at the suit of the plaintiff; and was signed "Lines & Willey" and "John R. Sudler" beneath it, and sealed with two seals, one accompanying each of the signatures.

The subscribing witness proved his signature to it, and that Clement Lines and Joshua Willey were at the date of it in partnership and doing business as merchants under the name and style of Lines & Willey. It was also proved that it was executed in their store and that both of the partners and Sudler were present, and that after Willey had drawn the note, he called to Lines to come to him and sign it, but he was at that moment engaged in waiting on a customer, and told Willey to sign it for him, and it would all be right, which he did, and that Sudler then signed it.

*Layton*, for the defendants, upon this evidence submitted a motion for a nonsuit, because a partner to bind his firm by deed, must be empowered by authority under seal to do it, and even, a subsequent acknowledgment of the act and of his authority to do it, by the other partner, would not be sufficient to ratify it, or make it obligatory upon him. 2 *Harr.* 24. 147. 4 *Harr.* 428. 5 *Harr.* 291. 5 *Wend.* 326. 7 *T. R.* 207. 10 *East* 418. And that it did not purport on its face to be the note of Sudler, at least, and was not his note as one of the principal obligors in it. His name was not in the body of it, and he had no connection with, or concern in it, except what appeared in his mere signature to it, and he could therefore only be considered as an endorser, or guarantor of it.

*Wright*, for the plaintiff. The presence of Lines and his express direction to his co-partner to sign his name to it, was sufficient authority in such case, to empower him to sign the name of the firm to it, and to bind them both as partners in it, for it was so distinctly ruled in the case of *Little v. Hazzard & Prettyman*, 5 *Harr.* 291. 13 *Pet.* 423. 4 *T. R.* 313. 3 *Ves.* 573. 9 *Johns.* 285. *Col. on Partn.* 465. It was also the note of Sudler, as well as of the firm of Lines & Willey, and he was not a guarantor merely, but a principal in it, and was bound by it, as such. 5 *Mass.* 538. 7 *Cow.* 484. 2 *Denio* 135.

*By the Court.* The general principle has been correctly

stated by the counsel for the defendants, that one partner cannot bind the firm by deed unless authorized by deed to do so, or by the articles of copartnership executed under their seals. But since the case of *Little v. Hazzard & Prettyman*, 5 *Harr.* 291, it has been considered well and definitively settled in this court, that when one of two partners executes an instrument like this under seal in the name of the firm and for the firm, in the presence and with the assent of the other member, it will bind both as the act and deed of the firm. In such case the act does not constitute in contemplation of law a delegation of power by the one partner to the other to bind the firm by deed, but it imports rather an act performed in person by the other partner also when present and assenting to it, upon the principle of *qui facit per alium, facit per se.* Even in the case of a will which the law requires to be executed by the testator himself in the most formal and authentic manner, it permits it to be signed for him and in his name and presence by another expressly authorized by him to do so. As to the other ground, it is apparent that the note was unskillfully or inadvertantly filled up in the body of it, but Sudler, though not named in the body of it, signed and sealed it evidently as a principal, and not as a guarantor merely, for there was nothing added to his signature to qualify his obligation under it, and there was, therefore, less in it to warrant that than the other presumption; and the court could not permit such an imperfection and informality in the penning of it merely, to defeat the evident intention and understanding of all the parties to it at the time when it was so executed. The nonsuit is consequently refused.

The case then went to the jury and the plaintiffs had a verdict.